UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT KEITH ABEL, ) | CASE NO. 1:02 CV 1752 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| ) | MEMORANDUM OPINION |
| VAN HARP, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's Motion for a New Trial pursuant to Fed. R. Civ. P. 59(a). (ECF #181). Defendants have filed a Memorandum in Opposition to Plaintiff's Motion. For the reasons that follow, Plaintiff's Motion for a New Trial is denied.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff brought this action pursuant to the *Bivens* doctrine seeking money damages against six FBI agents in their individual capacities for injuries he sustained during his arrest for bank robbery. Plaintiff alleges that three agents, Defendants Richard A. Wrenn, James J. Larkin and Phillip J. Torsney, used excessive force against him when they arrested him after chasing him from a bank robbery in violation of the Fourth Amendment to the United States Constitution. The claims against the other three FBI agents for their alleged failure to investigate or respond to Plaintiff's complaints were dismissed prior to trial.

The trial commenced on February 12, 2009. At the conclusion of the two and one half days of trial, the Jury returned unanimous Verdicts for the Defendants Richard A. Wrenn, James J. Larkin and Phillip J. Torsney and against Plaintiff Robert Keith Abel on Plaintiff's Complaint.

## STANDARD OF REVIEW

It is well settled that a jury's verdict is presumptively valid. *Brooks v.Toyotomi Co.*, 86

F.3d 582 (6th Cir. 1996). Although a district court is generally required to presume that a jury verdict is valid, Fed. Civ. R. 59 does provide a means by which the court may grant a party a new trial on all or some of the issues raised, or by which the court may alter or amend a judgment.

> Rule 59(a) provides in pertinent part:
>
> A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States... .

Rule 59 does not permit a court to set aside a jury verdict "simply because different inferences and conclusions could have been drawn or because some other results are more reasonable." *J.C. Wyckoff & Assoc., v. Standard Fire Insurance Co.*, 936 F.2d 1474, 1487 (6th Cir. 1991). A new trial may be granted only if it is clear that the jury reached a "seriously erroneous result." *Brooks v. Toyotomi Co.*, 86 F.3d 582 (6th Cir. 1996). The Sixth Circuit has stated that a jury reaches a "seriously erroneous result" if (1) the verdict is against the weight of the evidence; (2) the damages are excessive; or (3) the trial was unfair in some fashion such that the proceedings were influenced by prejudice or bias. *Holmes v. City of Massillon, Ohio*, 78 F.3d 1041 (6th Cir. 1996).

In contrast to judgment as a matter of law, "[t]he authority to grant a new trial is confided almost entirely to the exercise of discretion on the part of the trial court." *Williamson v. Owens-Illinois, Inc.*, 787 F.2d 594, 1986 WL 16533 at *3 (6th Cir. 1986) (*quoting* 11 Wright & Miller, *Federal Practice and Procedure*, § 2806 (1973)). When reviewing a motion for a new trial, a court "should indulge all presumptions in favor of the validity of the jury's verdict." *Brooks v. Toyotomi Co.*, 86 F.3d 582, 588 (6th Cir. 1996)(*citing Ragnar Benson, Inc. v. Kassab*, 325 F.2d

2

591, 594 (3rd Cir. 1963)). A jury verdict must be upheld so long as there is any competent and substantial evidence in the record to support it, even if contradictory evidence was presented. *Green v. Francis*, 705 F.2d 846, 849 (6th Cir. 1983).

Moreover, a motion for a new trial will not be granted unless the moving party suffered prejudice. *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 891 (6th Cir.2004)(citing *Erskine v. Consol. Rail Corp.*, 814 F.2d 266, 272 (6th Cir.1987)) (holding that a new trial will not be granted on the ground that surprise evidence was admitted unless the moving party was prejudiced). Even if a mistake has been made regarding the admission or exclusion of evidence, a new trial will not be granted unless the evidence would have caused a different outcome at trial. *Morales v. American Honda Motor Co., Inc.*, 151 F.3d 500, 514 (6th Cir.1998).

**DISCUSSION**

In this case Plaintiff argues that he is entitled to a new trial as a result of eight episodes of trial error which denied him a fair trial. None of these alleged slights, either cumulatively or individually, prejudiced Plaintiff or necessitate a new trial.

Plaintiff first argues that he is entitled to a new trial because he did not receive copies of the Defendants' trial brief, trial exhibits and expert's CV and Report until the "eve of trial." Defendants complied with all deadlines set forth in the Court's trial order. Moreover, Defendants sent the documents at issue to Plaintiff at his prison in Georgia well before trial and before Plaintiff was transported to Ohio for trial. Plaintiff noted that upon receipt of the documents in Georgia, he sent them out for copying or transport and did not review them until he arrived in Cleveland. As to the discovery and expert CV and Report, the discovery responses and expert CV and Report were timely submitted to Plaintiff. At the December 18, 2008 status

conference, the Magistrate Judge suggested that Plaintiff review and re-serve his discovery requests as the previous requests had been submitted while the case was stayed during the pendency of appeal. At that same conference Defendants requested permission to submit their expert report as soon as it was received given that trial was scheduled less than 90 days from the status conference. All discovery requests were responded to prior to trial and prior to the 30 day period for responding under Fed. R. Civ. P. 33(b)(2) and as soon as practicable as ordered by the Court.

Plaintiff also complains that the Court informed the Jury pool that Plaintiff was a federal prisoner and referred to his prior criminal record during voir dire. He further argues that Defendants compounded this error by referring to his criminal history in opening statement, cross-examination, and closing argument. The Court's reference to Plaintiff's prisoner status and criminal history during voir dire was to ascertain whether jurors would be prejudiced or biased against Plaintiff based upon his prisoner status or his criminal history. While Plaintiff complains about the Court's brief reference to his criminal history, Plaintiff explored his criminal history in great detail during his own testimony, stating that he had been arrested more than a dozen times and was very experienced with law enforcement and the criminal justice system. As this matter was raised by Plaintiff, Defendants' cross examination on these topics was proper and any reference to such in opening and closing arguments were not improper or prejudicial.

Next Plaintiff argues that he is entitled to a new trial because the Court refused to assist the Plaintiff in using the Court's exhibit display monitors. Plaintiff did not know how to use the Court's document cameras. While Plaintiff asserts that the Court assisted Defendants in using

4

this technology, it did not. Defendants' paralegal operated the technology to display exhibits. In the alternative, the Court permitted Plaintiff to publish his exhibits to the jury and directed a clerk to give the exhibits to the Jury as they were introduced, as Plaintiff was not permitted to approach the Jury. While Plaintiff complains that the Court failed to properly assist him, he conveniently forgets that the Court's clerk spent considerable time and effort coordinating and scheduling the numerous witnesses subpoenaed by Plaintiff. In sum, the Court provided Plaintiff with a meaningful opportunity to litigate his claim. *See Johnson v. Hubbard*, 698 F.2d 286,289 (6th Cir. 1983).

Plaintiff asserts that he was prejudiced by the Court's permitting Defendants to present the testimony of Urey Patrick, an expert in use of force and by permitting Mr. Patrick to testify about matters outside the scope of his expertise. Plaintiff also objects to Mr. Patrick's presence in the Courtroom during trial. As noted above, Defendants complied with Court orders and the Federal Rules regarding their discovery responses and in providing Plaintiff with Mr. Patrick's CV and Report. Accordingly, he was permitted to testify. Moreover, Mr. Patrick's testimony was in keeping with his field of expertise. In the course of reviewing excessive force cases within his expertise in law enforcement procedures, Mr. Patrick regularly considers the extent of injuries to evaluate the appropriateness of the degree of force used. In this case, Mr. Patrick testimony and evaluation of Plaintiff's excessive force claim were within his stated areas of expertise. Mr. Patrick did not give "medical testimony" and did not purport to have medical expertise. Finally, witnesses are not sequestered unless a party moves to have them sequestered. In this case, there was no motion to sequester the witnesses, therefore it was not improper for Mr. Patrick to be in the courtroom during trial.

Next, Plaintiff contends that he is entitled to a new trial based upon the Court's exclusion of testimony and documents regarding Plaintiff's plea negotiations, an investigation into Van Harp's alleged modification of FBI Forms 302 at Ruby Ridge, and evidence concerning the FBI handbook. With respect to the testimony regarding plea negotiations and drafts of Plaintiff's plea agreement, the Court found that none of the proposed evidence was relevant to Plaintiff's excessive force claim. None of the Defendants at trial participated in the plea negotiations. Moreover, this type of evidence is in the nature of a settlement offer which would be inadmissible under Fed. R. Evid. 408.

Similarly, the Court found that Plaintiff's assertion that an investigation into the modification of FBI forms FD-302 in the Ruby Ridge case was in some way relevant to this case, unpersuasive. Plaintiff offered no evidence to suggest that the situation regarding Ruby Ridge had any relevance to his own case. Plaintiff offered no evidence that would support a conclusion that the FD-302 form in this case had been edited by anyone.

Finally, Plaintiff offered the FBI Legal Handbook as Exhibit 18 at trial. Plaintiff's testimony was insufficient to authenticate the handbook and he was not competent to testify as to the content or meaning of the FBI's deadly force policies. Nor did Plaintiff call a witness who was competent to authenticate or testify about the FBI deadly force policies. In any event, Exhibit 18 post dated Plaintiff's September 2000 arrest and there was no evidence that the FBI's deadly force policy was relevant to this case or the degree of force used in arresting Plaintiff. Defendants' objection to Plaintiff's Exhibit 18 was properly sustained. None of these evidentiary issues support Plaintiff's Motion for a New Trial.

Plaintiff also contends that he is entitled to a new trial based upon the Court's demeanor

during trial. Plaintiff contends that the Court provoked or otherwise engaged in heated arguments with Plaintiff in front of the jury and belittled him regarding his pro se status and educational background. Ultimately, Plaintiff contends that the Court ordered his removal from the courtroom preventing him from hearing or objecting to the jury instructions or submitting his exhibits to the jury during deliberations.

The trial judge is responsible for conducting a trial in an orderly manner with the goal of "eliciting the truth and attaining justice between the parties." *United States v. Slone*, 833 F.2d 595, 597 (6th Cir. 1987)(citations omitted). As such it is common for a trial judge to interject a question when there is a need for clarification or when a witness has become confused. This is especially true when a litigant is pro se. In this case, Plaintiff was permitted to present his case in full. However, during trial Plaintiff repeatedly challenged the rulings of the Court, refused to accept them and argued with the Court when he disagreed with rulings. Plaintiff ignored proper courtroom procedures and the applicable rules of evidence and civil procedure. Rather than request a sidebar conference or a conference outside the presence of the jury, Plaintiff repeatedly argued with the Court over its rulings. Plaintiff improperly questioned witnesses, inserted his own testimony and argument into questioning despite repeated admonishments and instructions by the Court. Finally, after a particularly egregious violation of courtroom practice at the end of Plaintiff's closing argument, the Court ordered the Marshal to remove Plaintiff from the courtroom. This removal did not, however, prevent Plaintiff from hearing or objecting to the Court's jury instructions. The Court gave all litigants a copy of the instructions before they were given and the Court instructed the jury before closing arguments. Accordingly, Plaintiff was present in the courtroom during the Court's instruction of the Jury and could have objected to the

instructions if he had wanted to. Moreover, Plaintiff's admitted exhibits were submitted to the Jury along with Defendants' admitted exhibits for use during deliberations. The Court instructed the Jury prior to trial and again at the close of the evidence that its comments were not evidence or to be considered as evidence. In this case, the Court's comments or demeanor do not serve as a basis for a new trial.

Finally, the Court finds after consideration of the evidence presented at trial that Defendants would be entitled to qualified immunity which serves as a separate basis for the denial of Plaintiff's Motion for a New Trial. Before trial there was a question of fact regarding what actually happened during the arrest. Plaintiff submitted an affidavit stating that Defendants struck him with an "unidentified, blunt steel object." At trial it became clear that there had been no blunt, steel object, but rather that Defendant Torsney struck Plaintiff in the face with his knee after Plaintiff knocked him to the ground. Plaintiff admits that he resisted arrest. Plaintiff also testified that he was beaten by unknown individuals who could have been Defendants Wrenn and Larkin or Westlake Police Officers.[1] The evidence adduced at trial shows that Plaintiff robbed a bank, stole a car and evaded a police chase. He ditched the car and ran into a residential neighborhood where he hid under the deck of a private residence. Plaintiff admits to seeing officers searching the area as well as "surveyors" working on a fence. After some time he saw someone who he thought was the homeowner look under the deck. He decided to make a run for it and started pulling himself out from under the deck. Agent Torsney saw Plaintiff as he was

---

[1] Accordingly, Plaintiff did not meet his burden of demonstrating Larkin's or Wrenn's personal involvement in the constitutional violation. If a plaintiff fails to present facts indicating that a constitutional violation has been committed by a specific individual defendant, the claim fails. *Siegert v. Gilley*, 500 U.S. 231 (1991).

8

half way out and ran over to him. At that point Plaintiff states that Defendant Torsney kicked him in the head and Plaintiff grabbed Torsney's foot and knocked him to the ground. Plaintiff and Torsney wrestled and Defendant Torsney hit Plaintiff in the head with his knee in an effort to subdue him. Defendants Wrenn and Larkin tried to assist Torsney and Plaintiff was eventually handcuffed. It is clear from this evidence that Defendants' use of force was reasonable in this instance given the severity of the crime Plaintiff committed, the fact that he had evaded police and hidden under a private residence and was actively resisting arrest. *See Graham v. Connor*, 490 U.S. 386, 396 (1989); *Sample v. Bailey*, 409 F.3d 689, 696 (6th Cir. 2005). Put another way, it was not clearly established that the force used to arrest Plaintiff was unreasonable at the time of Plaintiff's arrest. Accordingly, Defendants are entitled to qualified immunity.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for a New Trial (ECF #181) is denied.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: March 30, 2009